**Jeff REICH, Plaintiff-Appellant,**

v.

**Galen LARSON, County Clerk of Fresno and William French Smith,\* Attorney General of the United States, Defendants-Appellees.**

No. 80–4587.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 13, 1982.

Decided Jan. 4, 1983.

Certiorari Denied May 2, 1983.
See 103 S.Ct. 1894.

---

\* Substitution of parties pursuant to Fed.R. App.P. 43(c)(1).

Jeffrey Reich, Fresno, Cal., for plaintiff-appellant.

James W. Clute, Washington, D.C., for defendants-appellees; J. Wesley Merritt, Fresno, Cal., on brief.

Before GOODWIN, WALLACE, and FLETCHER, Circuit Judges.

FLETCHER, Circuit Judge:

This case involves a question of jurisdiction to hear a challenge to the bilingual assistance provisions of the Voting Rights Act of 1965, 42 U.S.C. § 1973aa–1a(c) (1976). Appellant, Jeff Reich, filed an action in federal district court for the Eastern District of California, contending that the bilingual assistance provisions of the Voting Rights Act violated his first amendment rights because the bilingual provisions require translation of his candidate's election statement into a language other than English before it can be sent out to the voters. The district court dismissed appellant's action without reaching the merits, holding that challenges to enforcement of any provision of the Voting Rights Act can be brought only in the district court for the District of Columbia. 42 U.S.C. § 1973*l*(b) (1976). We note jurisdiction under 28 U.S.C. § 1291 (1976), and affirm the dismissal of appellant's action.

## FACTS

Appellant, Reich, was a candidate for Fresno County Supervisor, District 5, in the 1980 primary and general elections. California law provides that candidates for nonpartisan elective offices may prepare a candidate's statement setting forth the candidate's qualifications. Cal.Elec.Code § 10012 (West Supp.1981). The county clerk is required to send each voter a pamphlet containing the statement of each candidate and to provide Spanish translations of the statements "to those candidates who *wish* to have one . . . ." *Id.* (emphasis added).

Reich filed a candidate's statement with the clerk for Fresno County. He stated that he wanted his statement to be printed in English only. The Fresno County Counsel advised Reich that the County could not honor his request because the Voting Rights Act required all voting information to be provided in Spanish as well as English.[1] The County distributed English and Spanish texts of Reich's candidacy statement. Reich filed suit in the Eastern District of California alleging that the actions of the county clerk violated his first amendment rights and section 10012 of the California Elections Code. He further alleged that, to the extent that the county clerk was required by the Voting Rights Act to distribute his statement in Spanish, those provisions of the Act were unconstitutional.[2]

1. Fresno County, California is covered by section 203(c) of the Voting Rights Act for persons of Spanish heritage. 42 Fed.Reg. 35,971 (1977). Section 203(c) of the Voting Rights Act, 42 U.S.C. § 1973aa–1a(c) (1976) provides in relevant part:

   Whenever any State or political subdivision subject to the prohibition of subsection (b) of this section provides any registration or voting notices, forms, instructions, assistance, or other materials or information relating to the electoral process, including ballots, it shall provide them in the language of the applicable minority group as well as in the English language. . . .

2. Pursuant to 28 U.S.C. § 2403 (1976), the district court certified that the complaint challenged the constitutionality of a federal statute and permitted the United States sixty days to intervene. The Attorney General moved to intervene and to dismiss for lack of subject mat-

Reich asked the court for declaratory and other appropriate relief. The district court granted the defendant's motion to dismiss Reich's complaint without reaching the merits because the court found that section 14(b) of the Voting Rights Act, 42 U.S.C. § 1973*l*(b) (1976), granted exclusive jurisdiction to hear challenges to the Act to the district court for the District of Columbia. Reich filed a timely appeal from the dismissal.

## ANALYSIS

*A. The Limitation on Jurisdiction in Section 14(b).*

Section 14(b) of the Voting Rights Act, 42 U.S.C. § 1973*l*(b) (1976) provides in relevant part:

No court other than the District Court for the .District of Columbia ... shall have jurisdiction to issue any declaratory judgment pursuant to [section 4 or 5] ... or any restraining order or temporary or permanent injunction against the execution or enforcement of any provision of this subchapter or any action of any federal officer or employee pursuant hereto.

In *South Carolina v. Katzenbach,* 383 U.S. 301, 331, 86 S.Ct. 803, 820, 15 L.Ed.2d 769 (1966), the Supreme Court held that the section's requirement to litigate in the District of Columbia, a distant forum for the litigants, did not violate due process. However, in *Allen v. State Board of Elections,* 393 U.S. 544, 559, 89 S.Ct. 817, 828, 22 L.Ed.2d 1 (1969), the Supreme Court interpreted section 14(b) as not applying to suits brought by private persons seeking a declaratory judgment that a new state enactment was subject to section 5 of the Voting Rights Act. The private litigant in *Allen* was thus permitted to bring his action in the local federal district court. Dictum in *Allen* suggests, moreover, that the jurisdictional limitation of section 14(b) applies "only to declaratory judgment actions brought by the State." *Id.* at 559, 89 S.Ct. at 828. Reich relies on this dictum to argue that section 14(b) should not be interpreted to deprive the district court for the Eastern District of California of jurisdiction to hear his challenge to the Voting Rights Act. We disagree.

This dictum suggesting an exclusion of private litigants from the reach of section 14(b) applies only to declaratory judgment actions brought "pursuant to section 5" (393 U.S. at 558, 89 S.Ct. at 827). In such cases, the issue raised by the private litigant will be "whether a particular state enactment is subject to the provisions of the Voting Rights Act ...." (393 U.S. at 559, 89 S.Ct. at 828.) This issue can be decided in the district courts, since it is not a "substantive" question such as whether a new enactment is racially discriminatory, or whether the Voting Rights Act itself is constitutional.

■ Reich's declaratory judgment action is not brought pursuant to section 5. Thus, even though it is an action brought by a private litigant rather than the state, it *does* raise a substantive issue (i.e., whether the Voting Rights Act is constitutional) and can only be brought in the District of Columbia district court, under section 14(b).[3]

This construction is consistent with the legislative history of section 14(b). The Senate Judiciary Committee's report on the Act states:

Subsection 14(b). This subsection [confines] to the District Court for the District of Columbia jurisdiction to issue any declaratory judgment or any restraining order or temporary or permanent injunction against the execution or enforcement

ter jurisdiction. The county clerk also filed a motion to dismiss for lack of subject matter jurisdiction.

**3.** Appellant also argues that *Allen* indicates that the jurisdictional limitation of section 14(b) is a proper constitutional limitation only on litigation against the federal government. *See Allen,* 393 U.S. at 559, 89 S.Ct. at 828. He argues that where, as here, the federal government was not an original party to this suit, application of section 14(b) is improper. We disagree with his interpretation of *Allen,* but we note, also, that the federal government is a party in interest in this case, having intervened in Reich's suit as a matter of right. 28 U.S.C. § 2403 (1976).

[of] any provision of this bill or any action of a Federal officer or employee under the authority of the bill. . . . *All challenges to the constitutionality or legality of any provision of this bill or any action taken pursuant to it must be litigated in the District Court for the District of Columbia* . . . .

S.Rep. No. 162, Pt. 3, 89th Cong., 1st Sess. 30–31 *reprinted in* 1965 U.S.Code Cong. and Ad.News 2437, 2508, 2569.[4] Accordingly, we conclude that Section 14(b) applies to all suits, whether brought by an individual or a state, which raise constitutional challenges to the Voting Rights Act.

Appellant's claims raise a constitutional challenge to the Act. He argues that the bilingual assistance provisions of the Act infringe his first amendment rights to communicate in his own words with the voters in a local election. He would have the local district court take jurisdiction of his suit and declare these provisions of the Act[5] unconstitutional. Unfortunately, only the district court for the District of Columbia may hear such a suit.

■ At oral argument and in his brief, appellant persuasively argued that application of section 14(b) would effectively preclude him from litigating his challenge to the Act because the costs of bringing suit in the District of Columbia would be prohibitively high. We do not dispute the truth of his assertions. Nonetheless, Congress, when it enacted the Voting Rights Act, concluded that the importance of a uniform interpretation of the substantive provisions of the Act by a single district court outweighed the hardship and chilling effect such restraints might have on distant litigants. We cannot second-guess Congress' considered judgment in such legislative matters. Accordingly, we agree with the district court for the Eastern District of

California that it had no jurisdiction to hear the instant suit.

B. *First Amendment Exception to the Jurisdictional Limitation of Section 14(b).*

■ Appellant advances the novel argument that even if section 14(b) would normally preclude local district court jurisdiction to hear a constitutional challenge to the Voting Rights Act, where, as here, the constitutional challenge to the Act is predicated on a violation of the First Amendment, an exception to the jurisdictional limitations imposed by Section 14(b) should be recognized. Reich contends that the Supreme Court has held that First Amendment rights occupy a preferred position in the constellation of rights guaranteed by the Constitution, and that these rights should be favored when they come into conflict with other rights. *See Dombrowski v. Pfister,* 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965). Appellant therefore concludes that "[i]t is outrageous for a [First Amendment case] to be strapped with the [section 14(b) ] District of Columbia requirement—for a private litigant, the District of Columbia requirement [chills] first amendment rights [because] the costs [of litigating in the District of Columbia] are prohibitive."

At best, *Dombrowski* offers weak support for appellant's position. While *Dombrowski* does recognize the importance of free expression among our constitutionally protected rights, there is simply no basis for appellant's reading of the case to support a general exception from jurisdictional or prudential limitations on suits that raise first amendment issues. Instead, *Dombrowski* stands for the much narrower proposition that a federal court could enjoin a state court criminal prosecution where the plain-

---

4. Reich argues incorrectly that this legislative history from the original 1965 enactment of the Voting Rights Act is not relevant to interpreting the effect of section 14(b) on the bilingual assistance provisions which were enacted along with other amendments to the Voting Rights Act in 1975. However, when Congress enacted the 1975 amendments to the Act, both

houses considered and rejected amendments which would have vested section 14(b) jurisdiction in local district courts. 121 Cong.Rec. 16,900–01, 24,716–723 (1975).

5. As amended by the Voting Rights Act amendments of 1975.

tiffs challenged the constitutionality of an overbroad criminal statute and alleged that bad faith prosecution under the statute had a chilling effect on their exercise of their first amendment rights. Id. at 492, 85 S.Ct. at 1124.

Though the burdens to appellant of litigating his first amendment challenge to the Voting Rights Act in a distant forum may be real and substantial, the Act's requirement that he litigate in the District Court for the District of Columbia neither unconstitutionally infringes his first amendment rights nor deprives him of due process. Accordingly, the judgment of the district court dismissing appellant's suit for lack of jurisdiction is AFFIRMED.